CASE 38—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—
Dec. 19.

# Koltinsky, &c. v. Wood.

### APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS—AFFIRMED.

MASTER AND SERVANT—WORKERS IN MINE—RIDING IN CAR TO PLACE
OF WORK—DEFECTIVE TIMBERS SUPPORTING ROOF OF MINE—IN-
TERVENING CAUSE.

Held: 1. Where the workers in a mine were accustomed to ride in a
car to their place of work, for the reason that there was water
under-foot, they had a right to be on the car, and whether plain-
tiff, who was injured while thus riding on the car, used or-
dinary care in remaining on it. was a question for the jury.
2. Where the timbers supporting the roof in the entry to a mine
were known by the master to be rotten and unsafe, he was
liable for an injury to a servant riding in a car to his work,
resulting from the shying of the mule drawing the car, so
as to cause it to strike a post; it appearing that if the timbers
had been sound the injury would not have happened.

WILFORD CARRICO AND WEIR & WEIR, FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. Wood, the appellee, a coal miner, recovered a verdict and
judgment for an alleged injury, alleged to be the result of
the gross negligence of the appellants, mine owners, in per-
mitting the mines to be out of repair and in a dangerous condi-
tion.

2. The undisputed evidence, and all the evidence, es-
tablishes conclusively, that the alleged injuries resulted from
the gross and willful negligence of the appellee and not from
the negligence of appellants.

3. The master (appellants) are not liable to the servant
(appellee) for injuries resulting from the negligence of the
servants, or a fellow servant. Kane v. R. R. Company, 128
U. S., 91; R. R. Company v. Jones, 95 U. S., 443; Bunt v.
Mining Company, 138 U. S., 483; Doyle v. Swifts Iron Works,
5 Ky. R., 59; L. & N. R. R. Company v. Shivell, 13 Ky.
Rep., 902; Cunningham v. Ry. Company, 17 Fed. Rep., 882; L.

& N. R. R. Company v. Walker, 19 Ky. Rep., 369;· Ashland Coal
& Iron Ry. Company v. Wallace, 19 Ky. Rep., 849.

ELI H. BROWN, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1.   The record shows appellants to have been guilty of
gross, reckless negligence.

2.   Appellee was not negligent, and did not contribute to
his injuries.

3.   The only issues were as to the negligence of the respec-
tive parties.

4.   No issue was tendered or made as to the negligence of
a fellow servant.

5.   The only question before this court, on this appeal, is
whether there was any evidence adduced from which the jury
might have found their verdict.

6.   If appellants desired to defend, or avoid liability, be-
cause of the negligence of a fellow servant, they could have
presented that defense by appropriate pleading, but not other-
wise.   Civil Code, sec. 114.

7.   Jager, the car driver and appellee, a coal miner, were
not co-equals in the service of appellants.   Greer v. L. & N.
R. R. Co., 94 Ky., 169; Ky. Cent. Ry. Co. v. Ryle, 13 Rep.,
(Ky.) 862; L. & N. R. R. Co. v. Davis, 14 Rep., (Ky.) 716.

(8)   The court will not reverse the finding of facts by the
jury, there being ample · evidence upon which they could have
found their verdict.     McCormick H. M. Co v. Disney, 12 R.,
139; Thompson v. Thompson, 93 Ky., 435.   Sudduth v. L. & N.
R. R. Co., 16 R., 630.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellants operate a coal mine in Ohio· county, and ap-
pellee was a miner in their service.     On December 18,·
1899, he was injured by some slate falling on him ·from
the roof.     He filed this suit to recover for his injuries,
and recovered judgment for $500.     While there is some
conflict in the testimony, the evidence for appellee, if not
the weight of the evidence, tended to show these facts:
The mine was in bad condition when appellants took
charge of it.     The miners complained that it was not safe,

and promise was made that the defect would be remedied. The complaint related to the rottenness and unsafeness of the timbers supporting the roof in the entry. This occurred before appellee was employed. When he was employed he was assured that the mine was all right. On the first morning that he went to work he was told by the foreman to get in the car and ride in to the place he was to work. The cars were pulled by mules, and there was a driver to each car. All the miners went to their work in this way. This was the rule of the mine, for the reason that there was water underfoot, and the men did not like to work in their wet clothes all day. At night they walked out as the outcoming cars were loaded, and they could walk in if they saw proper. On the morning when appellee was hurt, he and five other miners got in the front car. The mule shied as it was started by the driver, and pulled the car against one of the posts supporting the roof. The post was rotten, and snapped in two. The timbers overhead were also rotten, and a large quantity of loose slate and rock, when the post broke, came down with the timbers upon the men in the car, inflicting on appellee the injury sued for. The proof is conflicting as to the cause of the mule's shying. The driver says it was wild; but the preponderance of the proof would show that the driver was drinking, and that he kicked the mule just as he got on the car, and caused it to shy.

Appellee had a right to be on the car, and whether he used ordinary care in remaining on it, was a question for the jury. It is earnestly insisted that there was no evidence of negligence on the part of appellant; that it was not responsible for the shying of the mule, or the negligence of the driver, if he was negligent; and that, as ap-

pellee was riding in the car to save himself the trouble
of walking, he took the risk of this mode of conveyance,
as the company was under no obligations to carry him to
his work.   But the proof for the appellant shows that if
the post and timbers had not been rotten the injury would
not have occurred, notwithstanding the shying of the mule
and the running of the car against the post.   In other
words, the testimony is to the effect that if these timbers
had been sound as they should have been, the injury would
not have happened.

It is the duty of the master to provide for the use of his
servants safe and sound material, instruments and accom-
modations, a reasonably safe place to do their work, and
safe means of access and departure.   1 Shear. & R. Neg,
194.   He is also bound to inspect these things from time
to time, and use ordinary care to discover and repair de-
fects in them.   The defects in the timber in this entry
had for some time been known to the master, and were un-
known to the servant.   Ordinary care required that the
timbers which were known to support such a large mass
of loose earth, stone, or slate as fell down on this car
should not be rotten or unsafe.   After the accident four
or five carloads of the debris were taken out.   This mass
of loose stuff was known to be held up only by these tim-
bers.   The men in going to and from their work and the
cars bringing out the coal all had to pass under it.   When
the timbers were rotten the mass might fall at any time.
Ordinary regard for the safety of others did not allow
such a known danger to be continued.   In the condition
of these timbers it was a trap that might fall at any time,
and, though the wildness of the mule or the negligence of
the driver was the occasion of bringing the car against
the post, the real cause of the injury was the rottenness

of the timbers, if notwithstanding this the roof would not have fallen but for the unsafeness of the timbers.

The instructions of the court aptly submitted to the jury the issue they were to try. Appellants asked no other instructions on the trial, and their learned counsel substantially concedes the correctness of the instructions of the court, if the case should have gone to the jury at all. While the evidence is conflicting as to the extent of appellee's injuries, the verdict for $500 is not excessive.

Judgment affirmed.